**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| | § | **CASE NO. 6:18-CR-00035-JDK-JDL-3** |
| **v.** | § | |
| | § | |
| | § | |
| **ROBERT JACOB JONES,** | § | |
| | § | |

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

On August 12, 2026, the court conducted a hearing to consider the government's petition to revoke the supervised release of Defendant Robert Jacob Jones. The government was represented by James Noble, Assistant United States Attorney for the Eastern District of Texas, and Defendant was represented by Jonathan Hyatt, Federal Public Defender.

Defendant originally pled guilty to the offense of Possession With Intent to Distribute and Distribution of 5 Grams or More But Less than 50 Grams of Methamphetamine (Actual), a Class B felony. This offense carried a statutory maximum imprisonment term of 40 years. The guideline imprisonment range, based on a total offense level of 27 and a criminal history category of II, was 78 to 97 months. On January 29, 2019, U.S. District Judge Thad Heartfield of the Eastern District of Texas sentenced Defendant to 78 months imprisonment followed by a 5-year term of supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure, drug testing and treatment, mental health treatment, and payment of a $100 special assessment fee. On May 24, 2021, Defendant's case was reassigned to U.S. District Judge Jeremy D. Kernodle of the Eastern District of Texas. On June 2, 2022, Defendant completed his period of

imprisonment and began service of the supervision term in the Eastern District of Texas, Tyler Division. On August 23, 2024, the terms of Defendant's supervision were modified to include alcohol abstinence. On March 24, 2026, the terms of Defendant's supervision were modified to include placement in a residential reentry center for 120 days.

Under the terms of supervised release, Defendant was required to refrain from any unlawful use of a controlled substance. In Allegation 2 of its petition, the government alleges that Defendant violated his conditions of supervised release: (1) on January 16, 2026, when Defendant submitted a urine sample that tested positive for methamphetamine; (2) on February 26, 2026, when Defendant submitted a urine sample that tested positive for methamphetamine, amphetamine, and marijuana; (3) on March 10, 2026, when Defendant submitted a urine sample that tested positive for methamphetamine and amphetamine; and (4) on March 20, 2026, when Defendant submitted a urine sample that tested positive for methamphetamine and amphetamine. The government represents that Fifth Circuit case law permits a court to find that illicit drug use constitutes possession for the offense.

If the court finds by a preponderance of the evidence that Defendant violated the conditions of supervised release by possessing methamphetamine, amphetamine, and marijuana, as evidenced by Defendant's positive drug tests, Defendant will be in violation of Texas Health and Safety Code §§ 481.115–481.116 and will have committed a Grade B violation. U.S.S.G. § 7C1.1(a). Upon a finding of a Grade B violation, the court may revoke supervised release. U.S.S.G. § 7C1.3(b). Considering Defendant's criminal history category of II, the guideline imprisonment range for a Grade B violation is 6 to 12 months. U.S.S.G. § 7C1.5.

At the hearing, the parties indicated that they had come to an agreement to resolve the petition whereby Defendant would plead true to the Grade B violation of the condition prohibiting

Defendant from unlawfully using a controlled substance, asserted as Allegation 2 in the government's petition. In exchange, the government recommended to the court that Defendant be imprisoned for a term of 6 months with no period of supervised release to follow.

The court therefore **RECOMMENDS** that Defendant's plea of true to Allegation 2 be accepted and that he be imprisoned for 6 months with no period of supervised release to follow. The court further **RECOMMENDS** that Defendant serve his sentence at FMC Fort Worth, TX, if available. The parties waived their right to objections so this matter shall be immediately presented to the District Judge for consideration.

**So ORDERED and SIGNED this 13th day of August, 2026.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE